UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

No. 10 Civ. 6684 (RJS)
_____

R.B., on behalf of his minor child, A.B.,

Plaintiff,

VERSUS

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, *et al.*

Defendants.

_____

MEMORANDUM AND ORDER
September 16, 2011

_____

RICHARD J. SULLIVAN, District Judge:

Plaintiff R.B., on behalf of his minor child, A.B., brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA")[1] against the New York City Department of Education and the Board of Education (collectively, "Defendants" or "DOE"), seeking review of the May 11, 2010 decision of State Review Officer Paul Kelly, which found that Plaintiff's claim for tuition reimbursement is barred by IDEA's statute of limitations. Before the Court is Defendants' motion for summary judgment. For the reasons that follow, Defendants' motion is granted.

I.  BACKGROUND

A.  Statutory Framework

IDEA requires states receiving federal funds to provide children with disabilities a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). Under IDEA, a free appropriate public education ("FAPE") must provide "special education and related services tailored to meet the unique needs of a particular child" that are "'reasonably calculated to enable the child to receive educational benefits.'" *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 122 (2d Cir. 1998) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)). Both federal and New York state special education laws require that a child with a disability be educated in the least restrictive environment to the extent feasible and appropriate. 20 U.S.C. § 1412(a)(5); N.Y. Educ. Law § 4402.

---

[1] In 2004, Congress reauthorized the IDEA as the Individuals with Disabilities Education Improvement Act. *See* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. Throughout this Memorandum and Order, the Court refers to the amended statute as "IDEA."

The special education and related services required by IDEA are delivered to students pursuant to an individualized education program ("IEP"), which school districts must provide annually. 20 U.S.C. § 1414(d). The IEP is a written program of instruction that "sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *Honig v. Doe*, 484 U.S. 305, 311 (1988). The IEP is developed by a "team" consisting of the child's parents, teachers, representatives of the local educational agency and, where appropriate, the child. 20 U.S.C. § 1414(d)(1)(B). In New York, the IEP team is called the Committee on Special Education ("CSE"). *See* N.Y. Educ. Law § 4402(1)(b)(1).

IDEA also provides "procedural safeguards" to ensure that students with disabilities receive a FAPE. 20 U.S.C. § 1415(a). Specifically, IDEA requires that states provide parents with the opportunity to present complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.* § 1415(b)(6)(A). New York State has implemented a two-tiered system of administrative review. N.Y. Educ. Law § 4404. Under the first tier, parents dissatisfied with a proposed IEP may have it reviewed by an impartial hearing officer ("IHO"). N.Y. Educ. Law § 4404(1). Following the decision of the IHO, an aggrieved party may appeal to a state review officer ("SRO"). *Id.* § 4404(2). After exhausting this two-step administrative process, any party still aggrieved may bring a civil action challenging the decision in federal or state court. 20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3).

Pursuant to IDEA's procedural safeguards, parents dissatisfied with an educational placement provided by a school district may unilaterally remove their child from a public school, place the child in a private school they believe to be appropriate to the child's needs, and file a complaint with the state educational agency seeking reimbursement for the private school tuition. *See Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005). Such claims for reimbursement must be brought "within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). A school district will be required to reimburse parents for unilaterally selected educational services if the parents can establish the three "*Burlington-Carter* factors": (i) the educational program recommended by the IEP was inappropriate to meet the child's needs; (ii) the alternative placement or additional services selected by the parents were appropriate; and (iii) equitable factors weigh in favor of reimbursement. *See R.B. v. New York City Dept. of Educ.*, 713 F. Supp. 2d 235, 238 (S.D.N.Y. 2010) (citing *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009)). Parents seeking reimbursement for a unilateral private placement bear the burden of proving that the private placement was appropriate. *Schaffer v. Weast*, 546 U.S. 49, 57-58 (2005); N.Y. Educ. Law § 4404(1)(c). Thus, parents who believe that the state has failed to offer a FAPE act "at their own financial risk" when choosing to enroll their child in a private school. *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009) (internal citation omitted).

B. Facts[2]

A.B. is a student with a disability who, at the time relevant to this action, was 12 years old. (*See* IHO Op. at 1.) In 1998, A.B. sustained a severe head injury after being struck by a truck. (*See* PX-K at 1.) Beginning in the fall of 1998, A.B. was classified as suffering from a traumatic brain injury, and her IEP called for a placement in a non-public school as well as numerous related services. (*See id.* at 4-7.) From 1998 through June 2006, A.B. attended non-residential private schools in New York City. (*See id.* at 1.)

On June 26, 2006, the DOE convened a CSE team to formulate A.B.'s IEP for the 2006-07 school year. (*See* DX-2 at 1.) In a change from the placement recommendations of previous IEPs, the CSE team recommended that A.B. be placed in a residential program at an approved non-public school. (*See id.*) The DOE, however, did not provide a specific placement at that time. (Pl.'s 56.1 ¶ 4.) On July 5, 2006, Plaintiff remitted a nonrefundable deposit to The Vanguard School ("Vanguard"), a private school in Florida that offers a residential program for students with disabilities. (Pl.'s 56.1 ¶ 4; Defs.' 56.1 ¶ 4; IHO Op. at 7-8.) By the beginning of the school year, the DOE still had not provided A.B. with a specific placement. (IHO Op. at 7.) Without notifying the DOE, Plaintiff enrolled A.B. at Vanguard, which she attended for the entire 2006-07 school year. (*Id*.)

On March 19, 2009, Plaintiff filed a due process complaint alleging that Defendants failed to provide A.B. with a FAPE for the 2006-07 school year and seeking reimbursement of the tuition and fees that he paid to Vanguard. (DX-1.) On April 21, 2009, Defendants moved to dismiss the due process complaint, arguing that it was barred by IDEA's two-year statute of limitations. (DX-3.) On June 24, 2009, the IHO denied Defendants' motion to dismiss, but noted that "[s]ince the DOE has pleaded the [statute of limitations] defense and I presume will include it in its formal answer to the complaint, the defense will be preserved during the hearing on the merits if that is done."[3] (Revised Interim Order dated June 23, 2009, at 2.)

On July 29, 2009, the IHO conducted an administrative hearing on Plaintiff's due process complaint. (IHO Op. at 2.) By order dated January 6, 2010, the IHO granted Plaintiff's request for tuition reimbursement. (*Id.* at 9.) Significantly, the IHO found that, as a result of the DOE's failure to file a "formal answer" to Plaintiff's complaint, it had "failed to preserve the [statute of limitations] defense." (*Id.* at 2-3.) Citing to the Federal Rules of Civil Procedure and the New York CPLR, the IHO concluded that, because "[a]n affirmative defense must be specifically pleaded," Defendants' motion to dismiss was "not a substitute for the required answer." (*Id*. at 3.)

Defendants appealed to the SRO, who, by order dated May 11, 2010, reversed the

---

[2] The following facts are taken from the parties' 56.1 statements as well as the administrative record. Citations to "DX" and "PX" refer respectively to the Defendants' and Plaintiff's exhibits at the administrative hearing. The Court also refers to the January 6, 2010 decision of the IHO as "IHO Op." and the May 11, 2010 decision of the SRO as "SRO Op."

[3] The IHO's June 24, 2009 order corrected a May 28, 2009 order in which the IHO "dismissed [the complaint] with prejudice as the parent is given leave to amend his request to include a claim that he was prevented from filing a timely request because of actions by the DOE which precluded him from doing so."

decision of the IHO. (SRO Op. at 11.) The SRO found, in relevant part, that (i) Plaintiff's claim accrued no later than September 2006, when Plaintiff had committed to sending A.B. to Vanguard for the school year; (ii) the DOE's failure to file a response to the due process complaint did not constitute a waiver of the statute of limitations defense; and (iii) no exception to IDEA's statute of limitations applied.[4] (*Id*.) Accordingly, the SRO concluded that Plaintiff's claim was barred by IDEA's two-year statute of limitations. (*Id*.)

On September 8, 2010, Plaintiff filed his complaint before this Court, seeking review of the SRO's decision. On February 16, 2011, Defendants moved for summary judgment, arguing that the SRO correctly found that Plaintiff's claim is time barred.[5] The motion was fully submitted as of April 6, 2010.

## II. STANDARD OF REVIEW

"The standard by which a district court reviews the final determination of the SRO has been characterized as modified *de novo* review." *Student X v. N.Y. City Dep't of Educ.*, No. 07 Civ. 2316 (NGG) (RER), 2008 WL 4890440, at \*3 (E.D.N.Y. Oct. 30, 2008) (internal quotation marks omitted).

[4] Because the parties did not dispute that the DOE failed to provide A.B. with a FAPE for the 2006-07 school year, the SRO also found that "this aspect of the impartial hearing officer's January 6, 2010 decision is final and binding on the parties." (SRO Op. at 7.)

[5] Pursuant to the Court's December 10, 2010 Order, the parties were directed only to brief the statute of limitations issue. The Court further noted that, because the SRO made no findings on the merits of Plaintiff's claims, in the event that the Court were to deny Defendants' motion for summary judgment on the statute of limitations issue, it would remand the case to the SRO for findings on whether Vanguard was an appropriate placement for A.B.

"While federal courts do not simply rubber stamp administrative decisions, they are expected to give 'due weight' to these proceedings, mindful that the judiciary generally 'lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *Walczak*, 142 F.3d at 129 (quoting *Rowley*, 458 U.S. at 206). "Thus, district courts may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'" *A.C.*, 553 F.3d at 171 (quoting *Rowley*, 458 U.S. at 206). Nevertheless, where the administrative decision concerns an issue of law, the district court need not adhere to the *Rowley* rule of deference. *Muller ex rel. Muller v. Comm. on Special Educ. of E. Islip Union Free Sch. Dist.* 145 F.3d 95, 102 (2d Cir. 1998).

## III. DISCUSSION

### A. Accrual of Plaintiff's Claim

As noted above, IDEA provides that "[a] parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). Plaintiff, who filed his due process complaint on March 19, 2009, argues that his claim did not accrue until June 30, 2007, because "[i]t was not until the end of the school year . . . that the parent could have known that no placement was in fact forthcoming at all." (Pl.'s Opp'n at 7.) Defendants contend that Plaintiff's claim accrued no later than September 2006, when A.B. began attending Vanguard, as once the school year began, Plaintiff "knew or should have known" that he had a claim against the DOE for tuition reimbursement. (Defs.' Mem. at 7.)

As a general matter, the Second Circuit has found that, where a parent seeks tuition reimbursement based on a claim that the local school district failed to provide a FAPE, the cause of action accrues at the time the parents withdraw their child from the placement provided by the local school district and unilaterally enroll their child at the school of their choice. *See M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003). Here, because Defendants never provided A.B. with a specific placement for the 2006-07 school year, Plaintiff argues that he did not, strictly speaking, remove A.B. from her local school district. Nevertheless, the Second Circuit has made it clear that in such situations, a plaintiff "knew or had reason to know" of his injury at the time at which he "[became] aware that [he] would have a substantial monetary loss as a result of [his] decision." *Id.* Plaintiff clearly had reason to know of his injury in September 2006 when he committed to sending A.B. to the private school of his choice despite the attendant economic risks.

Plaintiff cites no authority in support of his strained argument, which is largely copied verbatim from his complaint, that the statute of limitations did not accrue until the end of the 2006-07 school year. Even if Plaintiff believed, however unrealistically, that the DOE would belatedly secure a specific placement for A.B., Plaintiff nevertheless suffered an injury when A.B. began attending Vanguard. At that time, Plaintiff exercised his right under IDEA to place his child in the private school of his choice with the intention of seeking reimbursement from the DOE. *See M.D.*, 334 F.3d at 221 (citing *Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir. 1986) ("[A] cause of action generally accrues when a plaintiff learns of the injury which is the basis of his action.")).

Accordingly, the Court agrees with the SRO that Plaintiff's cause of action accrued no later than September 2006 and, therefore, is untimely.

### B. Waiver

Plaintiff also argues that the SRO erred in reversing the IHO's finding that Defendants waived the statute of limitations defense. As noted above, prior to the administrative hearing, Defendants moved to dismiss Plaintiff's due process complaint on the basis that Plaintiff's claims were barred by IDEA's statute of limitations. The IHO, however, found that Defendants waived the statute of limitations defense because "[n]o answer was ever filed by the District," as required by 8 NYCRR § 200.5(4). (IHO Op. at 2-3.) Citing to Rule 8(c)(1) of the Federal Rules of Civil Procedure and section 3018 of the New York CPLR, the IHO noted that because "[a]n affirmative defense must be specifically pleaded," Defendants' motion to dismiss was "not a substitute for the required answer." (*Id.*)

The relevant New York City regulation relied upon by the IHO provides, in pertinent part:

> (i) [The] school district shall, within 10 days of receiving the complaint, send to the parent a response that shall include:
>
> > (a) an explanation of why the school district proposed or refused to take the action raised in the complaint;
> >
> > (b) a description of other options that the committee on special education considered and the reasons why those options were

5

rejected;

(c) a description of each evaluation procedure, assessment, record or report the school district used as a basis for the proposed or refused action; and

(d) a description of the factors that are relevant to the school district's proposal or refusal.

8 NYCRR § 200.5(i)(4). As other courts have noted, "[t]he purpose of the response requirement seeks to guarantee meaningful parental participation in the student placement process." *Sykes v. District of Columbia*, 518 F. Supp. 2d 261, 267 (D.D.C. 2007). Indeed, "violations of IDEA's procedural requirements are actionable only if they affect a student's substantive rights." *Lesesne v. District of Columbia*, 447 F.3d 828, 832 (D.C. Cir. 2006); *accord C.M. v. Bd. of Educ.*, 128 F. App'x 876, 881 (3d Cir. 2005) (per curiam). At least one court has found that a school district's failure to respond adequately to a due process notice did not affect a student's substantive rights. *See Jalloh v. Dist. of Columbia*, 535 F. Supp. 2d 13, 20 (D.D.C. 2008).

Here, A.B.'s substantive rights clearly were not impacted by Defendants' failure to file a response to the due process complaint. Defendants articulated their position regarding the statute of limitations defense well in advance of the due process hearing, and Plaintiff was plainly on notice of the arguments that Defendants intended to advance. Accordingly, Plaintiff's assertion that the statute of limitations defense was "sprung" upon him at the IHO hearing is contradicted by the record. (Pl.'s Opp'n at 6.)

Moreover, nothing in the plain language of the regulation suggests that the response required of the school district pursuant to § 200.5(i)(4) is the appropriate mechanism for the assertion of affirmative defenses. To the contrary, the regulation principally requires the school district to address the circumstances surrounding the adverse action that forms the basis of the due process complaint. The regulation makes no mention of affirmative defenses and certainly does not convey that unasserted defenses will be waived. As such, the response contemplated by the regulation appears to be qualitatively different than a federal or state court pleading. Indeed, the Federal Rules of Civil Procedure are not implicated until Plaintiff has exhausted the three-tiered administrative process and commenced a civil action in federal court. *See* 20 U.S.C. § 1415(i)(2)(A). The IHO erred, then, by citing to the Federal Rules of Civil Procedure and the CPLR as the basis for his conclusion that affirmative defenses must be specifically pled in the response to the due process complaint.

Accordingly, the Court finds that the SRO correctly concluded that Defendants did not waive the statute of limitations defense by failing to file a response to the due process complaint.[6]

---

[6] The Court notes that Defendants' argument with respect to this issue discusses the incorrect provision of 8 NYCRR § 200.5(i) and is therefore inapposite. (*See* Defs.' Mem. at 9-12.)    As noted above, the provision at issue here requires the school district to file a response to a due process complaint within 10 days of receiving it. *See* 8 NYCRR § 200.5(i)(4). Defendant, however, discusses the separate 15-day period in which a school district may object to the "sufficiency" of a due process complaint. (*See* Defs.' Mem. at 9-12 (citing 8 NYCRR § 200.5(i)(3)).)

6

C.  Statutory Exceptions to the Statute of Limitations

IDEA sets forth two exceptions to its two-year statute of limitations.  Specifically, the statute provides, in relevant part:

> The [statute of limitations] shall not apply to a parent if the parent was prevented from requesting the hearing due to--
>
> > (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
> >
> > (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

20 U.S.C. § 1415(f)(3)(D).  Plaintiff does not argue that the first exception applies to this case.  However, Plaintiff asserts that the statute of limitations was tolled because the DOE allegedly failed to provide him with a notice of procedural safeguards at the June 2006 CSE meeting.  (Pl.'s Opp'n at 7-9.)

Federal and local regulations require a school district to provide parents with a notice of procedural safeguards on certain specified occasions:

> (a)  General.  A copy of the procedural safeguards available to the parents of a child with a disability must be given to the parents only one time a school year, except that a copy also must be given to the parents--
>
> > (1) Upon initial referral or parent request for evaluation;

> > (2) Upon receipt of the first State complaint under §§ 300.151 through 300.153 and upon receipt of the first due process complaint under § 300.507 in a school year;
> >
> > (3) In accordance with the discipline procedures in § 300.530(h); and
> >
> > (4) Upon request by a parent.

34 C.F.R. § 300.504; *see also* 8 NYRCC § 200.5(f)(3).

As an initial matter, it does not appear that the regulations require the school district to provide parents with a copy of the procedural safeguards at every CSE meeting, as long as the parents receive a copy once per year.  Plaintiff's argument that the DOE "fail[ed] to provide the notice of procedural safeguards at the CSE meeting" (Pl.'s Opp'n at 8.), therefore, does not state a violation on its face.

However, even assuming *arguendo* that Plaintiff had alleged a violation of this regulation, Plaintiff's claim is insufficient to establish that such violation tolled the statute of limitations.  Plaintiff argued that the DOE failed to provide him with a notice of procedural safeguards for the first time on appeal to the SRO.  Because Plaintiff did not raise this issue in his due process complaint or at the due process hearing, the SRO found that "this argument has been waived and is outside the scope of the instant appeal." (SRO Op. at 10 (citing 20 U.S.C. § 1415(f)(3)(B) ("The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice . . . unless the other party agrees otherwise."))).  As other courts have noted, a party's failure to raise an argument during administrative proceedings generally results in a waiver of that

7

argument. *See, e.g., E.H. v. Bd. of Educ. of Shenendehowa Cent. Sch. Dist.*, 361 F. App'x 156, 158 (2d Cir. 2009); *A.D.*, 690 F. Supp. 2d at 214 n.16. By requiring parties to raise all issues at the lowest administrative level, IDEA "affords full exploration of technical educational issues, furthers development of a complete factual record and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hope v. Cortines*, 872 F. Supp. 14, 19 (E.D.N.Y. 1995) (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992)).

Here, because Plaintiff did not raise this argument before the IHO, there is no evidence in the record that would permit this Court to make a finding as to whether Defendants violated the regulation. Accordingly, the Court – like the SRO below – finds that this argument has been waived. Nevertheless, even if this argument were not waived, the Court would find it to be without merit. As noted above, "only those procedural violations of IDEA which result in loss of educational opportunity or seriously deprive parents of their participation rights are actionable." *C.M.*, 128 F. App'x at 881. Here, there is no evidence in the record that Plaintiff was denied meaningful participation in the development of A.B.'s IEP. To the contrary, the record indicates that Plaintiff attended the CSE meeting with an attorney who specializes in education law. (*See* Tr. at 119-20; DX-2 at 2.) Indeed, this attorney represented Plaintiff in the filing of "more than five" prior due process complaint notices in connection with A.B.'s education. (Tr. at 121-22.) These facts strongly suggest that Plaintiff was aware of his substantive rights throughout the development of A.B.'s IEP and during his subsequent placement decisions. Therefore, even if the DOE had

violated the regulation by failing to provide Plaintiff with a copy of the procedural safeguards – a fact to which the record is silent – there is little chance that such a failure did anything to undermine Plaintiff's participation in the decision-making process.

Accordingly, the Court finds that the statute of limitations was not tolled by Defendants' alleged failure to provide Plaintiff with a notice of procedural safeguards.

### III. CONCLUSION

There can be no doubt that the DOE's failure to provide a placement for A.B. put Plaintiff in a difficult position. In such circumstances, it is unsurprising that Plaintiff, like any well-intentioned parent, chose to expend substantial sums of his own money to secure an appropriate private placement for his daughter, as he was entitled to do under the law. Nevertheless, IDEA's two-year statute of limitations is intended to protect other interests that Congress has deemed important, such as the timely and fair resolution of disputes arising under this statute. Here, Plaintiff knew about the underlying due process violation by September 2006 at the latest, but waited until March 2009 to file his due process complaint. Given his experience in due process proceedings, as well as the interests promoted by the statute of limitations, it cannot be said that the result reached by the Court is unjust.

Accordingly, Defendants' motion for summary judgment is granted. The Clerk of Court is respectfully directed to terminate the motion located at Doc. No. 14 and to close this case.

SO ORDERED.

Dated: September 16, 2011
New York, New York

RICHARD J. SULLIVAN
United States District Judge

\* \* \*

Plaintiff is represented by Stewart Lee Karlin, 9 Murray Street, Suite 4W, New York, New York 10007.

Defendants are represented by Abigail Lynne Goldenberg and Serena Mabel Longley of the New York City Law Department, 100 Church Street, New York, NY 10007.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-16 11

9