UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 7-2-12

R.B., *on behalf of his minor child A.B.*,

Plaintiff,

-v-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, *et uno*,

Defendants.

No. 10 Civ. 6684 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff, proceeding *pro se* and on behalf of his minor child, A.B., brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA") against the New York City Department of Education and the Board of Education (collectively, "Defendants" or "DOE").[1] Now before the Court is Plaintiff's motion for reconsideration, pursuant to Local Civil Rule 6.3, of the Court's September 16, 2011 Memorandum and Order ("September 16 Order") granting Defendants' motion for summary judgment. *See R.B. v. Dep't of Educ. of City of N.Y.*, No. 10 Civ. 6684 (RJS), 2011 WL 4375694 (S.D.N.Y. Sept. 16, 2011). For the reasons that follow, the Court DENIES Plaintiff's motion.

[1] Consistent with the Court's September 16, 2011 Memorandum and Order, the Court refers to the amended statute – the Individuals with Disabilities Education Improvement Act, *see* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005 – as "IDEA."

## I. BACKGROUND[2]

On June 26, 2006, the DOE convened a Committee on Special Education ("CSE") team to formulate an Individualized Education Program ("IEP") for Plaintiff's daughter, A.B., who is a student with a disability and was twelve years old at the time relevant to this action. *R.B.*, 2011 WL 4375694, at *2. The CSE team recommended that A.B. be placed in a residential program at an approved non-public school, although the DOE did not provide a specific placement at that time. *Id.* Without notifying the DOE, on July 5, 2006, Plaintiff remitted a non-refundable deposit to The Vanguard School ("Vanguard"), a private school in Florida with a residential program, and enrolled A.B. at Vanguard, which she attended for the entire 2006–07 school year. *Id.* On March 19, 2009 – more than two years after Plaintiff unilaterally withdrew A.B. from the New York City school system and enrolled her at Vanguard – Plaintiff filed a due process complaint, which alleged that Defendants had failed to provide A.B. with a free appropriate public education ("FAPE") for the 2006–07 school year and sought reimbursement of the tuition and fees that he paid to Vanguard. *Id.* at *3.

After conducting an administrative hearing, the Impartial Hearing Officer ("IHO") granted Plaintiff's request for tuition reimbursement on January 6, 2010. *Id.* DOE appealed to the State Review Office ("SRO"), which reversed the IHO decision and found, in relevant part, "that (i) Plaintiff's claim accrued no later than September 2006, when Plaintiff had committed to sending A.B. to Vanguard for the school year; (ii) the DOE's failure to file a response to the due process complaint did not constitute a waiver of the statue of limitations defense; and (iii) no exception to IDEA's statute of limitations applied. *Id.* at *3 (citing SRO Op. at 11).

---

[2] The Court assumes the parties' full familiarity with both the facts of this case, *see R.B.*, 2011 WL 4375694 , at *2–3, and the September 16 Order itself.

On September 8, 2010, Plaintiff appealed to this Court, seeking review of the SRO's decision, and on September 16, 2011, the Court granted Defendants' motion for summary judgment. In its September 16 Order, the Court held, *inter alia*, that: (1) "Plaintiff's cause of action accrued no later than September 2006 and, therefore, is untimely," *id.* at *4; (2) "Defendants did not waive the statute of limitations defense by failing to file a response to the due process complaint," *id.* at *6; and (3) "the [IDEA's] statute of limitations was not tolled by Defendants' alleged failure to provide Plaintiff with a notice of procedural safeguards," *id.* at *7.

On October 13, 2011, the Court received a letter from Plaintiff requesting leave to file a motion for reconsideration of the Court's September 16 Order. Thereafter, on October 19, 2011, the Court received a letter from Defendants opposing Plaintiff's request and asserting that Plaintiff's request was untimely and "fail[ed] to set forth any points of controlling law or fact that . . . might have caused the Court to reach a different result." By Order dated October 20, 2011, the Court set a briefing schedule for Plaintiff's motion and directed Plaintiff to "address the procedural and substantive challenges raised in Defendants' letter." On November 14, 2011, Plaintiff filed his motion for reconsideration. The motion was fully submitted as of December 30, 2011.

## II. Discussion

### A. Plaintiff's Motion is Procedurally Deficient

As a preliminary matter, the Court has little difficulty concluding that Plaintiff's motion is untimely under Rule 6.3 of the Local Civil Rules ("Rule 6.3"). Pursuant Rule 6.3, "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Failure to

timely submit a motion for reconsideration is sufficient grounds for denying it. *See, e.g.*, *Pietrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 457 (S.D.N.Y. 2011) (denying a motion for reconsideration as untimely); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (same). Moreover, a plaintiff's *pro se* status "does not insulate him from complying with the relevant procedural rules." *Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (denying as untimely a *pro se* plaintiff's motion for reconsideration).

Here, the Court's Order was filed on September 16, 2011, so any motion for reconsideration was due no later than September 30, 2011. Although Plaintiff argues that he should be excused from his late filing "[a]s a matter of equity" because he was only "three or four business days" late, the record belies Plaintiff's point. Plaintiff did not file his motion for reconsideration until November 14, 2011 and did not even write to the Court requesting leave to file a motion for reconsideration until October 13, 2011 (the "October 13 Letter"). Indeed, in his October 13 Letter, Plaintiff informed the Court that he was "follow[ing] up" on his call to chambers "earlier this week" (Doc. No. 24), indicating that Plaintiff did not even contact the Court regarding a possible motion for reconsideration until October 10, 2011 *at the earliest*. Therefore, even liberally construing the record, Plaintiff still missed the deadline to file a motion for reconsideration by at least ten days. Accordingly, because the Court finds that Plaintiff's motion is untimely and that Plaintiff has failed to offer a convincing explanation as to why he did not comply with Rule 6.3, the Court denies Plaintiff's motion as procedurally deficient. *See Otto v. Town of Washington*, 71 F. App'x 91, 92 (2d Cir. 2003) (upholding a district court's denial of motion for reconsideration where the motion was filed ten days after the judgment was docketed); *Darby v. Societe Des Hotels Meridien*, No. 88 Civ. 7604 (RWS), 1999 WL 642877, at *2 (S.D.N.Y. Aug. 24 1999) (explaining that Rule 6.3 deadlines will be strictly enforced absent

"sufficient justification" for failing to comply (citing *Algie v. RCA Global Commc'ns, Inc.*, 891 F. Supp. 875, 882 (S.D.N.Y. 1994)).

B. Plaintiff's Motion is Also Deficient on the Merits

Even if Plaintiff's motion *were* timely, which it is not, the Court would nevertheless deny it on the merits. "A motion for reconsideration under . . . Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Alt. Recording Corp. v. BCD Music Grp., Inc.*, No. 08 Civ. 5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276 (DLC), 2004 WL 185768, at *1 (S.D.N.Y. Aug. 18, 2004)). Moreover, importantly, a motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07 Civ. 2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10 Civ. 4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Here, Plaintiff fails to identify *any* controlling decisions or facts that the Court overlooked and that, if properly considered, "might reasonably be expected to alter" the Court's September 16 Order. *See Alt. Recording Corp.*, 2009 WL 2046036, at *1. Instead, Plaintiff largely makes the same arguments that he made in his briefing on the motion for summary judgment – arguments that the Court considered and rejected in its September 16 Order. For instance, Plaintiff argues that his cause of action did not accrue in September 2006 but rather at the close of the 2006–07 school year – the alleged "earliest date one could negotiate, petition[, and/or] collect from the district." (Mem. at 5.) However, the Court specifically considered such an argument and rejected it in explaining that, as a matter of law, his cause of action accrued no later than September 2006, when he unilaterally withdrew his daughter from the public school district and enrolled her at Vanguard. *R.B.*, 2011 WL 4375694, at *4 (citing *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003)).

Moreover, Plaintiff repeats, without any new factual or legal support, that Defendants waived their ability to assert a statue of limitations defense under the IDEA by allegedly violating the Federal Rules of Civil Procedure, the New York Code, and the IHO's directive that DOE should plead the defense in a formal answer to Plaintiff's due process complaint. (Mem. at 5–6.) However, again, the Court considered and rejected these arguments in its September 16 Order. *R.B.*, 2011 WL 4375694, at *4–6. Specifically, the Court held that the "SRO[, in reversing the IHO decision,] correctly concluded that Defendants did not waive the statute of limitations defense by failing to file a response to the due process complaint[s]" because: (1) affirmative defenses to due process complaints are "qualitatively different than a federal or state court pleading" that would be governed by the Federal Rules of Civil Procedure or the New York Code, respectively; and, (2) in any event, "A.B.'s substantive rights . . . were not impacted

by Defendants' failure to file a response to the due process complaint." *Id.* Therefore, Plaintiff's argument does alter the Court's conclusion that Defendants did not waive the statue of limitations defense.

Plaintiff likewise advanced no controlling decisions or facts that the Court overlooked in holding that Plaintiff failed to establish that the statute of limitations should be tolled by Defendants' alleged failure to provide Plaintiff with a notice of procedural safeguards. *Id.* at *7. In its September 16 Order, the Court rejected Plaintiff's argument that the DOE "'fail[ed] to provide the notice of procedural safeguards at the [2006] CSE meeting,'" *id.* at *6 (citing Pl.'s Opp'n to Mot. for Summ. J), concluding that, so long as parents receive a copy of the procedural safeguards notice once per year, neither the IDEA nor its implementing regulations require the school district "to provide parents with a copy of the procedural safeguards at every CSE meeting." *Id.* Rather than contesting this point directly, Plaintiff now claims that he *never* received a notice of procedural safeguards, whether at the 2006 CSE meeting or anytime thereafter. (Mem. at 2–4.) However, Plaintiff's claim, even if true, is insufficient to establish that the statute of limitations should be tolled pursuant to 20 U.S.C. § 1415(f)(3)(D)(ii). As the Court explained in its September 16 Order, "[b]ecause Plaintiff did not raise this argument before the IHO, there is no evidence in the record that would permit this Court to make a finding as to whether Defendants violated the regulation." *R.B.*, 2011 WL 4375694, at *7; *see Hope v. Cortines*, 872 F. Supp. 14, 19 (E.D.N.Y. 1995), *aff'd* 69 F.3d 687 (2d Cir. 1995). Although Plaintiff now asserts that "[i]t is undisputed in the record that the district failed to adhere to [its] obligations by failing to provide [him] with [his] procedural safeguards notice" (Mem. at 9), the record is in fact bare one way or the other. Accordingly, because Plaintiff has failed to put forward any controlling decisions or facts that alter the Court's conclusion, the Court declines to

revisit its finding that Plaintiff has waived his argument regarding notice of procedural safeguards.[3]

Furthermore, in its September 16 Order, the Court found that even *if* Plaintiff's argument regarding procedural safeguards notice were *not* waived, the statute of limitations should still not be tolled because "there is no evidence in the record that Plaintiff was denied meaningful participation in the development of A.B.'s IEP." *R.B.*, 2011 WL 4375694, at *7; *see C.M. v. Bd. of Educ.*, 128 F. App'x 876, 881 (3d Cir. 2005) (per curiam). The Court based its conclusion on record evidence that Plaintiff "attended the [2006] CSE meeting with an attorney who specializes in education law" and who had "represented Plaintiff in the filing of 'more than five' prior due process complaint notices in connection with A.B.'s education." *R.B.*, 2011 WL 4375694, at *7 (citing Tr. at 121–22 and DX-2 at 2).

In an attempt to now rebut the Court's conclusion, Plaintiff attaches new evidence to his motion for reconsideration, including: (1) an affidavit of an educational advocate who assisted Plaintiff at impartial hearings and with A.B.'s IEB educational development from 1998 to 2005 (Aff. of Miguel L. Salazar ("Salazar Aff."), dated Nov. 10, 2011); (2) signature pages from IEP meetings from 1999 to 2005; and (3) Plaintiff's reply brief previously submitted to the IHO. However, each of these documents is inadmissible for purposes of Plaintiff's motion for reconsideration. Indeed, "[t]he law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on [the original] motion."

---

[3] Plaintiff argues that the Court overlooked two cases in issuing its September 16 Order: *Board of Education of Hendrick Hudson School District Westchester County v. Rowley*, 458 U.S. 176 (1982), and *Union School District v. Smith*, 15 F.3d 1519 (9th Cir. 1994). (Mem. at 4; Reply at 2.) As an initial matter, *Union School District* is not controlling; however, even if it were, neither it nor *Rowley* alter the Court's conclusion because neither case was decided before Congress even incorporated a statute of limitations into the IDEA. Therefore, it goes without saying that the cases could not have addressed whether to toll a statute of limitations that did not yet exist. In any event, Plaintiff cites these cases only for their broad policy pronouncements (Mem. at 4), which do not alter the conclusion that Plaintiff's claims are time barred under the IDEA.

*Cohen v. Fed. Express Corp.*, No. 06 Civ. 00482 (RJH/THK), 07 Civ. 01288 (RJH/THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007) (internal quotation marks omitted) (collecting cases); *cf. In re Palermo*, No. 08 Civ. 7421 (RPP), 2011 WL 446209, at *8 n.4 (S.D.N.Y. Feb. 7, 2011) (explaining that "[r]econsideration under . . . Rule 6.3 is not an invitation for the parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling" (internal quotation marks omitted)); *Scott v. City of New York*, No. 02 Civ. 9530 (SAS), 2009 WL 3010593, at *1 (S.D.N.Y. Sept. 21, 2009) (explaining that the purpose of . . . Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters" (internal quotation marks omitted)).

Particularly here, where Plaintiff has not even attempted to demonstrate that the new evidence could not have been discovered with reasonable diligence before the Court's ruling, the Court will not consider such evidence. *See Webb v. City of New York*, No. 08 Civ. 5145 (CBA), 2011 WL 5824690, at *1 (S.D.N.Y. Nov. 17, 2011) ("[T]o the extent that a motion for reconsideration relies on new evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling" (internal quotation marks omitted)); *cf. Tatum v. City of New York*, No. 06 Civ. 4290 (BSJ) (GWG), 2009 WL 976840, at *1 (S.D.N.Y. Apr. 9, 2009) ("To obtain relief from judgment based on newly discovered evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." (citing Fed. R. Civ. P. 60(b)(2)).[4]

[4] Even if the new evidence *were* admissible for purposes of Plaintiff's motion for reconsideration, it would not alter the Court's conclusion that there is "no evidence in the record that Plaintiff was denied meaningful participation in

Accordingly, because Plaintiff has failed to set forth controlling law or facts that the Court overlooked in deciding the September 16 Order, Plaintiff's motion for reconsideration fails on the merits.

III. CONCLUSION

As noted in the September 16 Order, DOE's failure to provide placement for A.B. undoubtedly put Plaintiff in a difficult position. Indeed, the Court is sympathetic to Plaintiff's decision to expend substantial sums of his own money to ensure that his daughter received an education tailored to her unique circumstances. However, the "IDEA's two-year statute of limitations is intended to protect other interests that Congress has deemed important, such as the timely and fair resolution of disputes arising under the statute." *R.B.*, 2011 WL 4375694, at *7. Thus, in light of the reasons set forth above and in the Court's September 16 Order, as well as the important interest in the finality of decisions, *see Scott*, 2009 WL 3010593, at *1, the Court denies Plaintiff's motion for reconsideration of the September 16 Order.

SO ORDERED.

Dated: July 2, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

the development of A.B.'s IEP." *R.B.*, 2011 WL 4375694, at *7. Indeed, the Affidavit of Mr. Salazar only bolsters the Court's prior conclusion because it demonstrates that, in addition to being accompanied by an attorney at the 2006 CSE meeting, Plaintiff was accompanying by an educational advocate at IEP meetings from 1999 to 2005. (*See* Salazar Aff. ¶ 4.) Moreover, although Plaintiff includes signature pages from IEP meetings from 1999 to 2005, he did not attach the signature page from the 2006 IEP meeting. Therefore, these signature pages do not alter the Court's conclusion, based on a careful examination of the record, that Plaintiff was represented at the 2006 IEP meeting by an attorney specializing in education law. *See R.B.*, 2011 WL 4375694, at *7 (citing Tr. at 119–20; DX-2 at 2).

Copy mailed to:

Robert Bogan
r_bogan@msn.com